# UNITED STATES DISTRICT COURT

for the

Northern District of New York



In the Matter of the Search of

*(Briefly describe the property to be searched or identify the person by name and address)*

Info. assoc. with dropbox account(s) linked to e-mail addresses danny88+@gmail.com & danny881 +@gmail.com, & "Dan Thomas" and "David J. Rancourt"

)
)
)
)
)
)

Case No.  1:16-mj-252-DJS

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____ Northern _____ District of _____ New York _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 2252A(a)(2) and (a)(5)(B) | receipt of child pornography, possession of child pornography |

The application is based on these facts:

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Brian P. Seymour, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____ 05/18/2016 _____

_____
*Judge's signature*

City and state:   Albany, New York

Hon. Daniel J. Stewart, Magistrate Judge
*Printed name and title*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE SEARCH   ) <br> OF INFORMATION ASSOCIATED   ) <br> WITH THE DROPBOX ACCOUNT(S)   ) <br> LINKED TO E-MAIL ADDRESSES   ) <br> DANNY88+@GMAIL.COM AND   ) <br> DANNY881+@GMAIL.COM AND   ) <br> NAMES "DAN THOMAS" AND   ) <br> "DAVID J. RANCOURT"   ) | Case No. 1:16-mj-252-DJS |

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Bryan P. Seymour, being duly sworn, do depose and state the following: .

## INTRODUCTION AND AGENT BACKGROUND

1.     I make this affidavit in support of an application for a search warrant for
information associated with the Dropbox account(s) identified by e-mail addresses
danny88+@gmail.com and danny881+@gmail.com and the names "Dan Thomas" and "DAVID
J. RANCOURT" (the "Account") that is stored at premises controlled by Dropbox Inc., an
internet service provider headquartered at 185 Berry St., Suite 400 in San Francisco, California
94107.  The information to be searched is described in the following paragraphs and Attachment
A.  This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§
2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Dropbox Inc.,  a provider of electronic
communication and remote computing services, to disclose to the government copies of the
information (including the content of communications) further described in Section I of
Attachment B.  Upon receipt of the information described in Section I of Attachment B,

1

government-authorized persons will review that information to locate the items described in Section II of Attachment B.

2.    I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been since September 2007. I am assigned to the Albany Division, Albany, NY, and previously worked in the Buffalo Division. I have investigated a variety of violent crimes, including in the areas of child exploitation, counter-terrorism and drug overdose deaths. I am currently investigating federal violations concerning child pornography and the sexual exploitation of children. I have gained experience regarding such crimes through training in seminars, classes, and everyday work related to conducting these types of investigations.

3.    I am a "Federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant.

4.    The information contained in this affidavit is based on my personal knowledge, observations, information conveyed to me by other law enforcement officials, and my review of records, documents and other physical evidence obtained during this investigation.

5.    This affidavit contains information necessary to support probable cause for this application. This affidavit is not intended to include each and every fact or matter observed by me or known to the government.

6.    I submit that the facts set forth in this affidavit establish probable cause to believe that violations of 18 U.S.C. § 2252A have been committed by the user of the Account, and that there is probable cause to believe that records and other information associated with the Account, as further described in Attachment A, contain evidence and fruits, and instrumentalities of

2

violations of 18 U.S.C. §§ 2252A(a)(2), receipt of child pornography, and (a)(5)(B), possession of child pornography, as set forth below.

## JURISDICTION

7.     This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711.  18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A).  Specifically, the Court is a "district court of the United States . . . that – has jurisdiction over the offense being investigated."  18 U.S.C. § 2711(3)(A)(ii).

## RELEVANT STATUTES

8.     This investigation concerns alleged violations of Title 18, United States Code, Section 2252A, relating to material involving the sexual exploitation of minor children.

9.     18 U.S.C. § 2252A(a)(2) prohibits knowingly receiving or distributing any child pornography that has been mailed or shipped or transported in interstate or foreign commerce by any means, including by computer.

10.     18 U.S.C. § 2252A(a)(5)(B) prohibits a person from knowingly possessing any book, magazine, periodical, film, videotape, computer disk, or other material that contains an image of child pornography that has been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer.

## DEFINITIONS

11.     The following definitions apply to this Affidavit and Attachment B:

3

a. **"Child Erotica"** means materials or items that are sexually arousing to persons having a sexual interest in minors but that are not necessarily, in and of themselves, obscene or that do not necessarily depict minors in sexually explicit poses or positions.

b. **"Child Pornography"**, as used herein, is defined in Title 18 United States Code § 2256 (any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct).

c. **"Computer"**, as used herein, is defined pursuant to Title 18 United States Code § 1030(e)(1) as "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device."

d. **"Computer Server"** or **"Server"**, as used herein, is a computer that is attached to a dedicated network and serves many users. A web server, for example, is a computer which hosts the data associated with a website. That web server receives requests from a user and delivers information from the server to the user's computer via the Internet.

e. **"Internet Service Providers" (ISPs),** as used herein, are commercial organizations that are in business to provide individuals and businesses access to the Internet. ISPs provide a range of functions for their customers including access to the Internet, web hosting, e-mail, remote storage, and co-location of computers and other communications equipment. ISPs can offer a range of options in providing access to the Internet including telephone based dial-up, broadband based access via digital subscriber line (DSL) or cable television, dedicated circuits, or satellite based subscription. ISPs typically charge a fee based upon the type of connection and volume of data, called bandwidth, which the connection supports. Many ISPs assign each subscriber an account name – a user name or screen name, an "e-mail address," an e-mail mailbox, and a personal password selected by the subscriber. By using a computer equipped with a modem, the subscriber can establish communication with an ISP over a telephone line, through a cable system or via satellite, and can access the Internet by using his or her account name and personal password.

4

  f. **"Internet Protocol address" or "IP address"** refers to a unique number used by a computer to access the Internet. IP addresses can be dynamic, meaning that the Internet Service Provider (ISP) assigns a different unique number to a computer every time it accesses the Internet. IP addresses might also be static, if an ISP assigns a user's computer a particular IP address which is used each time the computer accesses the Internet. IP addresses are also used by computer servers, including web servers, to communicate with other computers.

  g. **"Minor"** means any person under the age of eighteen years. <u>See</u> 18 U.S.C. § 2256(1).

  h. The terms **"records," "documents," and "materials,"** as used herein, include all information recorded in any form, visual or aural, and by any means, whether in handmade form (including, but not limited to, writings, drawings, painting), photographic form (including, but not limited to, microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, photocopies), mechanical form (including, but not limited to, phonograph records, printing, typing) or electrical, electronic or magnetic form (including, but not limited to, tape recordings, cassettes, compact discs, electronic or magnetic storage devices such as floppy diskettes, hard disks, CD-ROMs, digital video disks (DVDs), Personal Digital Assistants (PDAs), Multi Media Cards (MMCs), memory sticks, optical disks, printer buffers, smart cards, memory calculators, electronic dialers, or electronic notebooks, as well as digital data files and printouts or readouts from any magnetic, electrical or electronic storage device).

  i. **"Sexually explicit conduct"** means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person. <u>See</u> 18 U.S.C. § 2256(2).

  j. **"Visual depictions"** include undeveloped film and videotape, and data stored on computer disk or by electronic means, which is capable of conversion into a visual image. <u>See</u> 18 U.S.C. § 2256(5).

## <u>DROPBOX INC.</u>

12. "Dropbox" refers to an online storage medium on the internet accessed from a computer or electronic storage device. As an example, online storage mediums such as Dropbox

make it possible for the user to have access to saved files without the requirement of storing said files on their own computer or other electronic storage device. Dropbox is an "offsite" storage medium for data that can be viewed at any time from any device capable of accessing the internet. Users can store their files on Dropbox and avoid having the files appear on their computer. Anyone searching an individual's computer that utilizes Dropbox would not be able to view these files if the user opted only to store them at an offsite such as Dropbox. These are often viewed as advantageous for collectors of child pornography in that they can enjoy an added level of anonymity and security.

13.     Dropbox provides a variety of on-line services, including online storage access, to the general public. Dropbox allows subscribers to obtain accounts at the domain name www.dropbox.com. Subscribers obtain a Dropbox account by registering with an email address. During the registration process, Dropbox asks subscribers to provide basic personal identifying information. This information can include the subscriber's full name, physical address, telephone numbers and other identifiers, alternative e-mail addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number).

14.     When the subscriber transfers a file to a Dropbox account, it is initiated at the user's computer, transferred via the Internet to the Dropbox servers, and then can automatically be synchronized and transmitted to other computers or electronic devices that have been registered with that Dropbox account. This includes online storage in Dropbox servers. If the subscriber does not delete the content, the files can remain on Dropbox servers indefinitely. Even if the subscriber deletes their account, it may continue to be available on the Dropbox servers for a certain period of time.

6

15.     Online storage providers typically retain certain transactional information about the creation and use of each account on their systems.  This information can include the date on which the account was created, the length of service, records of log-in (i.e., session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account, and other log files that reflect usage of the account.  In addition, online storage providers often have records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account.  Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the account.

16.     In some cases, Dropbox account users will communicate directly with Dropbox about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users.  Online storage providers typically retain records about such communications, including records of contacts between the user and the provider's support services, as well records of any actions taken by the provider or user as a result of the communications.

7

## PROBABLE CAUSE

17.     On April 2, 2016, FBI Task Force Officer Chris Smith ("TFO Smith") observed a

Craigslist post with identification number 54663170619 titled "Dad looking for a son – M4M

(Will travel)" (the "Craigslist Ad").  This ad was posted on February 24, 2016.  The body of the

Craigslist Ad read as follows:[1]

> "Dad looking for his son for some weekend play. Just be like 18. Open to most
> kinds of play. Sissy or panty boys to the front. I have some clothes if you like to
> dress. Young. Will travel to you. I'm 6" cut. Send stats and a pic and age to get a
> response. Hope to hear from you soon."

18.     Craigslist is an international, internet-based business providing online forums on

which users may post advertisements for, among other things, items and services for sale.  The

Craigslist Ad was posted to a forum called "Casual Encounters" that is dedicated to personal

advertisements.

19.     TFO Smith responded to the Craigslist Ad on April 2, 2016.  His response was

sent via email, using an undercover persona of a fourteen year old male, and read as follows:

> "Hey. Just saw ur ad. Sill lookin? I'm gay and in the Alb area. Lookin
> outside here to be safe. Looking to experiment but need to keep it quiet.
> 5'8" 150. 14y/o blond w blond hair and not very experienced."

20.     On April 2, 2016, the writer of the Craigslist Ad replied as follows:

> "Where are you again?"

> "Got a pic?"

21.     TFO Smith and the writer of the Craigslist Ad continued this dialogue over the

course of the following six days.  Communications were exchanged almost every day, initially

---

[1] Misspellings, grammatical errors and abbreviations are as in original text.

8

through email, and subsequently on the social media messaging application KIK Messenger[2] and via text message. TFO Smith used a cellular telephone with a (518) area code and the writer of the Craigslist Ad utilized telephone number 413-588-xxxx.

22.     On April 5, 2016, your affiant conducted a query of www.facebook.com for the telephone number 413-588-xxxx. This query identified a Facebook user profile with the name "Dave Rancourt." Review of public records revealed a driver's license issued by the Massachusetts Department of Motor Vehicles to DAVID J. RANCOURT. That driver's license indicates a date of birth of xx/xx/1955, and an address in Palmer, Massachusetts. On April 3, the writer of the Craigslist Ad sent a message indicating that he lived in Palmer, Massachusetts.

23.     On April 5, 2016, the user of 413-588-xxxx sent to TFO Smith's undercover phone account a picture that he asserted depicted him. That picture showed a male with brown hair and a brown and grey mustache, wearing a maroon long sleeve shirt and jeans, who appears to be taking a picture in a mirror with a grey smartphone. The male in the picture appears to be the same male pictured on the driver's license issued by the Massachusetts Department of Motor to DAVID J. RANCOURT.

24.     The "Dave Rancourt" Facebook profile, which listed telephone number 413-588-xxxx, contained a picture of a male, accessible to the public, who appears to be the same as the person in the picture sent to TFO Smith by 413-588-xxxx on April 5, 2015, and also similar to the driver's license picture of DAVID J. RANCOURT.

---

[2] Kik Messenger is an instant messaging application for mobile devices. Kik also allows users to share photos and other content with other users through a registered username.

9

25.      On April 3, 2016, the user of 413-588-xxxx sent TFO Smith a text message referring to himself as "Dave."

26.      Based upon my investigation, your affiant concluded that DAVID J. RANCOURT was likely the writer of the Craigslist Ad, and the individual corresponding via KIK messenger and text messages from the phone number 413-588-xxxx.

27.      The communications received by TFO Smith from DAVID J. RANCOURT reflect that DAVID J. RANCOURT discussed specific plans and intentions to meet the undercover persona of TFO Smith, whom he believed to be a 14-year-old named "Kyle," to engage in sexual activity.

28.      The following is a sample of the communications between DAVID J. RANCOURT and TFO Smith, operating undercover:

29.      April 2, 2016:

RANCOURT: I'd love to get you naked for a day

. . .

RANCOURT: I'm real easy to get along weeith. I love sucking

[RANCOURT sent a picture of an erect penis]

30.      April 4, 2016:

. . .

RANCOURT: No. It's on me. When was your bday?

KYLE: Marhc 9th

RANCOURT: Happy birthday! So you just turned 14?

. . .

10

RANCOURT: Ok. Trust means a lot to me. Wanna try it all you say? You got it babe.

Anal is fun. I'll bring a toy for you to play with.

[RANCOURT sends a picture of a pink "NEON LUV TOUCH VIBE" vibrator]

. . .

RANCOURT: I hope you're erasing all this stuff every night LOL

31.     On April 5, 2015, DAVID J. RANCOURT sent a message to TFO Smith

indicating that he had rented a car to use to drive to the Albany area, and that he planned to

reserve a hotel room for the encounter.  They agreed to meet on Saturday April 9, 2016 between

2 p.m. and 3 p.m. at Mercato's Restaurant in the shopping plaza located at 952 Troy Schenectady

Road, Latham, New York.

32.     On Saturday, April 9, 2016, at approximately 2 p.m., DAVID J. RANCOURT

arrived at the designated location at 952 Troy Schenectady Road, Latham, New York, driving a

Red Chevrolet Sonic bearing a Massachusetts license.  Upon arrival he sent a text message to

TFO Smith requesting that "Kyle" exit Mercato's restaurant and walk to the front of the Play it

Again Sports Store.  DAVID J. RANCOURT did not exit the vehicle.   Your affiant and other

law enforcement officers approached him, and he identified himself as DAVID J. RANCOURT.

He was placed into custody and transported to the Colonie Police Department.

33.     Following his arrest, RANCOURT was read his Miranda rights and chose to talk

to law enforcement.  He executed a written waiver of his Miranda rights, which was also video-

recorded.  RANCOURT provided an oral statement indicating that he had created the Craigslist

Ad, that he had corresponded with the person he believed to be a fourteen year old male named

11

"Kyle," and that on April 9, 2016 he travelled from Massachusetts and to Latham, New York, to meet with "Kyle" in order to engage in sexual activity.

34.     RANCOURT also admitted to maintaining a collection of child pornography in a Dropbox account.  He stated that his Dropbox account was identified as either danny88+@gmail.com or danny881+@gmail.com, and was also known under the name "Dan Thomas."

35.     On April 14, 2016, a preservation request was sent to Dropbox Inc. requesting preservation of stored data related to the account associated with the name "Dan Thomas" and the e-mail addresses danny88+@gmail.com or danny881+@gmail.com.  Later the same day, a representative of Dropbox Inc. sent an email confirming that Dropbox Inc. had received the preservation request.

## LEGAL AUTHORITY AND INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

36.     Your affiant anticipates executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require Dropbox to disclose to the government copies of the records and other information (including the content of communications) particularly described in Attachment B, Part I ("Information to Be Disclosed by Dropbox").  Upon receipt of the information described in Part I of Attachment B, government-authorized persons will review that information to locate the items described in Part II of Attachment B ("Information to be Seized by the Government").

## CONCLUSION

12

37.     Based on the foregoing, I respectfully submit that there is probable cause to believe that on the computer servers maintained by Dropbox Inc., and specifically within the Account, there exists evidence of violations of 18 U.S.C. §§ 2252A(a)(2), receipt of child pornography, and (a)(5)(B), possession of child pornography.

38.     I, therefore, respectfully request that the Court issue a warrant authorizing the search of the Accounts, as further described in Attachment A, in order to seize and search the items listed in Attachment B.


_____

Brian P. Seymour
Special Agent
Federal Bureau of Investigation

Sworn to me this _18_ day of May, 2016.


_____
Hon. Daniel J. Stewart
U.S. Magistrate Judge
James T. Foley U.S. Courthouse
445 Broadway, Room 441
Albany, New York 12207

13